UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANGELICA MARIA FRANCES,

                                    Plaintiff,

        v.

FALLON  NAVAL  AIR  STATION
PERSONNEL,

                                    Defendants.

Case No. 3:25-cv-00528-ART-CLB

**ORDER ON R&R**

(ECF No. 9)

*Pro se* plaintiff Angelica Maria Frances brings this action against unnamed personnel of the Fallon Naval Air Station ("Fallon NAS"). Upon screening the complaint, Judge Baldwin recommended dismissal. (ECF Nos. 5-1, 9.) The Court now adopts Judge Baldwin's Report and Recommendation ("R&R") and dismisses the case.

## I.    THE COMPLAINT

Plaintiff states in her complaint that she a resident of Fallon, Nevada, and a trustee of the P. Brown Trust, which owns the land on which she lives. She alleges that since 2018, the defendants, who are unnamed personnel of Fallon NAS, "used military aircraft, drones, electromagnetic/radiation devices, and other military-grade equipment to surveil, harass, intimidate, injure, and target Plaintiff and other U.S. citizens on U.S. soil. These actions include, but are not limited to, the unauthorized use of weaponized energy systems, directed-energy attacks, sustained electronic interference, and persistent targeted surveillance." (ECF No. 5-1 ¶ 2.) She further alleges that Defendants cut off her access to communications and emergency services, disabled footage and security systems on her property (*Id.* ¶¶ 13, 9), and used an easement on her property for drug trafficking. (*Id.* ¶ 20.) She states that other members of her family have been

1

driven from the property by Fallon NAS personnel's campaign, and that several other women of color who have been the targets of similar misconduct have lost their lives. (*Id.* ¶¶ 19-20.) Ms. Frances believes that Fallon NAS plans to expand onto the P. Brown Trust land, which contains minerals. (*Id.* ¶ 18.)

While her allegations are mostly general and not linked to specific incidents, Ms. Frances does describe two specific incidents on which her claims are based. First, in September 2025, she observed Fallon NAS aircraft hovering overhead while she was working on federal court filings. While they were overhead, her laptop and devices froze, and she lost her work. (*Id.* ¶ 12.) Second, Ms. Frances says that she confronted servicemen who were going through boxes on her property in the night. When she demanded that they leave, one called her a racial slur. The next day, a racial slur was painted across her garage door. (*Id.* ¶ 22.)

Ms. Frances brings the following causes of action: (1) deprivation of civil rights in violation of 42 U.S.C. § 1983; (2) criminal conspiracy in violation of 18 U.S.C. § 241; (3) obstruction of justice and tampering with evidence in violation of 18 U.S.C. §§ 1503, 1512, 1519; (4) war crimes and unlawful use of weapons in violation of 18 U.S.C. § 2441; (5) domestic terrorism in violation of 18 U.S.C. § 2331 *et seq.*; (6) attempted murder and assault in violation of 18 U.S.C. § 1113 and related state laws; (7) RICO in violation 18 U.S.C. § 1961 *et seq.*; (8) trespass and vandalism in violation of state and federal law; (9) hate crimes and deprivation of rights in violation of 18 U.S.C. § 249 and 42 U.S.C. § 1981; (10) wrongful death and related claims in violation of 18 U.S.C. § 242 and state law; and (11) narcotics trafficking in violation of 21 U.S.C. §§ 841, 846. (ECF No. 5-1. at 10-14.)

## II.   LEGAL STANDARD

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report

and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Ms. Frances objected to the R&R. (ECF No. 10, 12.) Therefore, the Court reviews the R&R *de novo*.

## III.   DISCUSSION

The Court agrees with the reasoning in Judge Baldwin's R&R. First, most of Ms. Frances's federal claims are based on criminal statutes, and as a private citizen, she does not have standing to enforce criminal law. Second, her remaining federal claims, both of which happen to be civil rights claims, are not properly pleaded. Third, without federal law causes of action, Ms. Frances's state law claims cannot survive. She has not alleged facts sufficient to support diversity jurisdiction over any claim and her federal claims are dismissed, so supplemental jurisdiction will not lie.

All but two of Ms. Frances's federal claims are brought under criminal statutes. The criminal claims are Counts 2, 3, 4, 5, 6, 7, 11, and the portion of Count 9 that alleges that Defendants committed hate crimes in violation of 18 U.S.C. § 249.[1] "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonproseuction of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Tia v. Crim. Investig. Demanded as Set Forth*, 441 Fed. Appx. 457, 458 (9th Cir. 2011) (affirming dismissal of "request for criminal investigation into the alleged RICO conspiracy" because the plaintiff "lack[ed] standing to compel an investigation or prosecution of another person"). Ms. Frances lacks standing to prosecute criminal statutes, and all criminal claims

---

[1] While Ms. Frances says that she brings her trespass and vandalism claim under federal law as well as state law, she does not identify the federal law that applies. Absent specific circumstances not alleged in the complaint, trespass and vandalism are state causes of action. *See, e.g.,* 18 U.S.C. §§ 1752, 1361.

are dismissed.

The remaining federal claims are Count 1, alleging deprivation of civil rights under 42 U.S.C. § 1983; and Count 9, alleging the same under § 1981 of that title. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). However, it "provides no cause of action against federal agents acting under color of federal law." *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)). Because the defendants appear to be federal actors rather than state actors, this cause of action must be dismissed. As for Count 9, Section 1981 protects the rights of all persons within the jurisdiction of the United States "to make and enforce contracts" to the same extent "as is enjoyed by white citizens." 42 U.S.C. § 1983. "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship, under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal citations and quotations omitted). Ms. Frances alleges that a service member trespassing on her property called her a racial slur to her face, and that the next day she discovered that someone had spray painted a racial slur on her garage. While these allegations are disturbing, they do not make out a cause of action under Section 1981. The complaint does not plead that she is a party to any contractual relationship which could be impaired by racially discriminatory acts.

Finally, the Court has no subject matter jurisdiction over Ms. Frances's remaining claims. All claims that could arise under federal law have been dismissed, and Ms. Frances has not pleaded facts sufficient to establish diversity jurisdiction, leaving this Court with no basis for supplemental jurisdiction over her state claims in Counts 6, 8, and 10.[2] "Federal courts are courts of limited

---

[2] Count 6 alleges attempted murder and assault in violation of 18 U.S.C. § 1113

4

jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Diversity jurisdiction exists where more than $75,000 is in controversy and the action is between citizens of different states, 28 U.S.C. § 1332, but Ms. Frances has not alleged the amount in controversy and has not pleaded that defendants' state of domicile is diverse from hers. Furthermore, although Ms. Frances claims supplemental jurisdiction (ECF No. 5-1 ¶ 3), supplemental jurisdiction will only lie over state claims that "form part of the same case or controversy" as other claims over which the court has original jurisdiction. 28 U.S.C. § 1367. Since there is no jurisdiction over any surviving claim under 28 U.S.C. §§ 1331 or 1332, her state claims cannot benefit from supplemental jurisdiction.

While Ms. Frances submitted multiple filings contesting the R&R, her objections go to the merits of her claim rather than to the deficiencies in pleading identified by Judge Baldwin and reiterated in this order.

## IV.    CONCLUSION

It is hereby ordered that Judge Baldwin's R&R is ADOPTED. (ECF No. 9.)

It is further ordered that the Clerk FILE Ms. Frances's First Amended Complaint. (ECF No. 5-1.)

It is further ordered that Ms. Frances's criminal claims are DISMISSED WITH PREJUDICE. Those claims are Counts 2, 3, 4, 5, 11, the part of Count 6 that alleges attempted murder and assault under 18 U.S.C. § 1113, and the part of Count 9 that alleges hate crimes in violation of 18 U.S.C. § 249.

It is further ordered that Ms. Frances's federal civil rights claims are DISMISSED WITHOUT PREJUDICE. Those claims are Count 1 and the part of Count 9 that alleges deprivation of rights under 42 U.S.C. § 1981.

and "related state laws." Insofar as Count 6 alleges a breach of state criminal law, Ms. Frances has no standing to sue.

It is further ordered that Ms. Frances's state law causes of action are DISMISSED WITHOUT PREJUDICE. Those claims are Counts 8, 10, and the part of Count 6 that alleges attempted murder and assault under state law.

It is further ordered that Ms. Frances's two applications to proceed *in forma pauperis* are DENIED AS MOOT. (ECF Nos. 5, 6.)

It is further ordered that Ms. Frances's motion for extension of time is DENIED AS MOOT. (ECF No. 11.)

The Clerk of Court is kindly directed to ENTER JUDGMENT and CLOSE this case.

DATED: May 28, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE